**The People, ex rel. M. L. Williams, Defendant in Error, v. United States Life Endowment Company, Plaintiff in Error.**

1. INSURANCE—*what does not repeal act of 1891 prohibiting unjust discrimination.* The act of June 22, 1893, entitled "An act to incorporate companies to do the business of life or accident insurance on the assessment plan," does not repeal by implication or otherwise the act of June 19, 1891, entitled "An act to prevent abuses and unjust discriminations," etc.

2. INSURANCE—*what companies subject to provisions of act of 1891 prohibiting unjust discrimination.* All insurance companies doing business in this state, including those organized upon the

assessment plan pursuant to the act of June 22, 1893, are subject to the provisions of the act of June 19, 1891, prohibiting unjust discrimination.

3. INSURANCE—*act of 1891 prohibiting unjust discrimination construed.* This act does not authorize the imposition of a penalty for each violation.

Action in debt. Error to the Circuit Court of Union county; the Hon. W. W. DUNCAN, Judge, presiding. Heard in this court at the February term, 1908. Reversed and remanded. Opinion filed September 12, 1908.

CARROLL C. BOGGS and GEORGE W. CRAWFORD, for plaintiff in error.

JAMES LINGLE, for defendant in error.

MR. JUSTICE MYERS delivered the opinion of the court.

The action was in debt by the People on the relation of M. B. Williams for a judgment inflicting fines on the plaintiff in error endowment company for alleged violations of the act of the General Assembly approved June 19, 1891, entitled "An Act to prevent abuses and unjust discriminations of and by Life Insurance Companies doing business in this state, between insurants of the same class and equal expectation of life, in the rates, amount or payment of premium, in the return of premiums, dividends, rebates or other benefits."

The declaration contained four counts charging four alleged violations, but on the hearing the court found the endowment company not guilty of the charges in the 3rd and 4th counts. The court held the endowment company guilty on the first and second counts of the declaration and assessed two fines, each of $500, one on the first count and the other on the second count. The first count alleged the endowment company incorporated under the act approved June 22, 1893, entitled "An act to incorporate companies to do the business of life or accident insurance on the

assessment plan,'' etc., and that in Union county, Illinois, on the 18th day of April, 1906, it issued a policy of insurance to Jiles W. Adams, and ''did not before that time or afterwards charge, collect, demand or receive from said Adams the sum to wit, of $2 membership fee and the sum of $1 certificate fee,'' and that such membership fee of $2 and certificate fee of $1 were the regularly established fees and charges of the company in securing like insurance and were part of the established and published expenses of obtaining like insurance from the company, whereby the count alleged the company violated the provisions of the statute of June 19, 1891, relating 'to unjust discrimination, etc. The second count charges the issuance of a policy to Clarence Knupp, and the like omission to charge or receive the membership fee of $2 and the certificate fee of $1, and alleged that this was in violation of said act of June 19, 1891.

The court overruled a demurrer to the declaration, and the endowment company pleaded over. The cause was submitted to the court without a jury, on an agreed statement of facts, substantially as follows: That George W. Werner, an agent of the endowment company, took applications for policies of insurance from Adams and Knupp (the persons named respectively in the first and second counts of the declaration), and that policies were afterwards issued to said applicants; that said Werner, under his agreement with the endowment company, was entitled to receive and retain all membership and certificate fees; that such membership and certificate fees belonged to said agent as his individual property; that he was not required to report such fees to the company; that the company had no interest in such fees and no right to them if collected, and that said Werner did not require either Adams or Knupp to pay their membership or certificate fees, etc. A circular or folder issued by the company was made part of the stipulation which contained the following:

"THE EXPENSES.

| | |
|---|---|
| Membership fee, | $2.00 |
| Certificate fee, | 1.00 |
| Medical fee, | 1.00 |
| | |
| Total | $4.00 |

and first month's dues in advance." The stipulation of facts also exhibited the form of the policy issued by the endowment company. The Circuit Court adjudged the endowment company guilty of two violations of the act of 1891, for which it imposed two fines, each in the sum of $500. The company brings the record to this court on writ of error to reverse this judgment.

It is first contended by counsel, that the Act of 1893, under which the plaintiff in error was authorized and organized, being made a complete code within itself for the organization, management and control of insurance business on the assessment plan, is a revisionary act, substituted for prior legislation upon that subject, and to operate as a repeal of the Act of 1891, under which the prosecution of this case was instituted. The argument in support of this contention is able and elaborate in giving the history and analysis of insurance legislation in this state, and in the citation and review of authorities bearing upon the rule of construction applied by the courts under similar conditions, but we are not persuaded to adopt this construction. The Act of 1891 is a penal statute, a legislative provision to define and punish offenses deemed to be subversive of the public welfare, the exercise of police power and though the penalties are inflicted by civil process, it is quite within the scope and purpose of criminal legislation. For convenience in reference, the compiler of the statutes may have given it place in the "Insurance" chapter, rather than in the "Criminal Code." The Act of 1893 provides for the organization of insurance companies on the

assessment plan, and for the regulation and control
of such companies, doing business in this state, and
also provides penalties for violation of the statutory
requirements; but there is no provision dealing with
the subject of discrimination between insurants under
policies issued by such assessment companies.   This
act is limited by title, and in all its provisions, to one
class of insurance companies, whereas the Act of 1891
was made a general law to which all insurance compa-
nies, whatever their plan, organized or doing business
under the laws of this State, are subject.   There is
nothing in the later statute which in terms or by con-
struction may be held repugnant to the earlier enact-
ment, and it is reasonable to suppose that because of
an existing statute of general application the legisla-
ture did not deem it necessary to provide by the Act
of 1893 against discrimination.   There was no attempt
to repeal by express provision, nor can we hold that
such was the legislative intent in passing the Act of 1893.
Holding to the construction of the statute, as indi-
cated, that it was intended to prevent discrimination
between insurants by insurance companies, then in ex-
istence or thereafter organized, we are of opinion that
the plaintiff in error may be subject to the penalty
provided, upon allegation and proof that it transacts
its business in this state in violation of the provisions
of the Act of 1891.   And as evidence tending to show
that it so transacts its business, proof of payment or
allowance, or promise of payment or allowance, by the
company or its authorized agent "as an inducement to
insure" would be admissible in a trial to establish the
charge of unlawful discrimination before a court or
jury.

The statute does not authorize a penalty of $500 to
$1,000 for every act which may evidence that the
"business" of the company is being conducted in vio-
lation of law.   Section 1 of the statute provides, that
no life insurance company shall make or permit unjust
discrimination as therein defined.   Section 2 provides,

522    APPELLATE COURTS OF ILLINOIS.

The People v. United States Life Endowment Co., 143 App. 517.

that if such life insurance company shall make the prohibited discriminations it shall be deemed guilty of having violated the act, and (section 3) ''Any such life insurance company * * * *which shall transact its business* in this state in violation of the provisions of this Act shall * * * be subject to a penalty of not less than five hundred dollars ($500) or more than one thousand dollars ($1,000). * * * And it shall be the duty of the Auditor of Public Accounts, upon conviction had as aforesaid or penalty recovered against any such company or the agent thereof * * * at once to revoke, cancel and annul the certificate of authority issued to any such agent by the Auditor of Public Accounts.''

Penal laws are strictly construed, and no intendment will be allowed to extend the meaning so as to create an offense not clearly defined, or impose penalties not expressly authorized. There is nothing in the wording of this statute or by any intendment justified under well-established rules for the construction of penal statutes, to warrant a penalty for each and every evidentiary fact that may be shown in evidence to establish the statutory offense, viz., that the insurance company transacted its business contrary to law. The magnitude of the penalty imposed and the consequence of non-compliance with the law—forfeiture of the right to do business in this State—precludes the inference that such was the legislative intent. The purpose of the law was not to destroy, but to regulate the insurance business. Under the construction urged by defendant in error a vigorous and industrious informer on the trail of well-meaning but over-zealous agents who use a part of their allowance to secure policy-holders would find ''discriminations'' within the letter of the law sufficient to bankrupt and destroy the company, even though such agents acted without authority or knowledge of their principal. In such case can it be said that the insurance company ''transacted its business in violation of the provisions of the

Act" and. is to be subject to the heavy penalties imposed for each and every act which may go in proof. that it does so "transact its business?" It is not so expressed by the statute and cannot by legal and proper intendment be read into the law.

The declaration does not charge the offense for which a penalty may be recovered, and therefore the judgment was unauthorized and will be reversed and the cause remanded.

*Reversed and remanded.*